IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRANS-TEL CENTRAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-08-181-D |
| ) | |
| ACE MIDWEST, LLC, ) | |
| ) | |
| Defendants. ) | |

ORDER

Before the Court is the Defendant's Motion to Dismiss [Doc. No. 10], seeking dismissal or transfer of this action on the grounds that venue is improper in this Court because the contract at issue contains a forum selection clause requiring litigation in another forum. If the Court determines the clause is not enforceable, Defendant seeks transfer pursuant to 28 U. S. C. § 1404(a), arguing that the United States District Court for the Western District of Missouri is a more convenient forum for this litigation. If the Court finds that venue is otherwise proper here, Defendant seeks dismissal or a transfer of venue on the alternative ground that Defendant is not subject to personal jurisdiction here. Plaintiff timely opposed the Motion, and Defendant filed a reply brief.

Background:

Plaintiff Trans-Tel Central, Inc., an Oklahoma corporation having its principal place of business in Norman, Oklahoma, is the subcontractor on a project related to the installation of telecommunications systems for the Department of Veterans Affairs in New Orleans, Louisiana (the "Louisiana project"). Defendant Ace Midwest, LLC is a Missouri limited liability company having its principal place of business in Parkville, Missouri, and it is the prime contractor for the Louisiana project. In January of 2007, Plaintiff and Defendant executed an agreement providing that Plaintiff

would perform certain work on the Louisiana project (the "2007 Agreement"). Plaintiff has filed this lawsuit to recover sums allegedly owed by Defendant pursuant to the terms of the 2007 Agreement.

Defendant argues that venue is improper in this Court because the 2007 Agreement contains a forum selection clause requiring the litigation of contractual disputes in the United States District Court for the Western District of Missouri. Therefore, it contends that this action must be dismissed or transferred in accordance with 28 U. S. C. § 1406(a). Plaintiff argues that the forum selection clause in the 2007 Agreement does not require litigation in Missouri and that the clause should instead be interpreted to require, or at least authorize, litigation in this Court.

Standards Governing Forum Selection Clauses:

"A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)." *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 497(10th Cir. 2002); *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F. 2d 953, 956 (10th Cir.), *cert. denied*, 506 U.S. 1021 (1992). When ruling on a motion pursuant to Rule 12(b)(3), the district court may consider matters outside the pleadings.[1] *See Pierce v. Shorty Small's of Branson, Inc.,* 137 F.3d 1190, 1192 (10th Cir. 1998). When a defendant moves for dismissal and presents facts to establish improper venue, the plaintiff must present evidence that controverts the facts shown by the defendant; otherwise, dismissal is proper. *Id.*

"Forum selection clauses are 'prima facie valid' and a party resisting enforcement carries

---

[1]*In this case, both Plaintiff and Defendant submit material outside the scope of the pleadings in support of their respective arguments.*

2

a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable or unjust under the circumstances." *Riley*, 969 F.2d at 957 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972)); *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992).[2]

Application:

The 2007 Agreement, submitted as Exhibit 2 to Defendant's Motion, was executed by the parties in January, 2007; it provides in pertinent part as follows:

> 11. The laws of Missouri shall govern this agreement.
>
> 12. Any suit or action to interpret or enforce this Agreement or with respect to this Agreement must be filed in the Federal Court of Western District. If jurisdiction exists, the prevailing party will be reimbursed by the non-prevailing party for all attorney fees, costs and expenses incurred in connection with the suit or action, at trial or on appeal.

2007 Agreement, ¶¶ 11-12, Defendant's Exhibit 2 . Defendant suggests that the phrase, "Federal Court of Western District" is ambiguous and that evidence outside the scope of the 2007 Agreement establishes the parties' intent to require litigation in Missouri. Defendant thus argues that the phrase must be interpreted to mean the Federal Court of the Western District of Missouri. Plaintiff disputes this contention and argues that the agreement must be construed to mean the Western District of Oklahoma or a federal court in a western district of Plaintiff's selection.

Because the agreement provides that litigation "must be filed" in federal court, the clause is construed as mandatory rather than permissive. *Excell*, 106 F.3d at 321; *Milk 'N' More*, 963 F.2d at 1346. However, the issue raised by Defendant is not the mandatory or permissive nature of the

---

[2] *The parties do not address any choice of law issue but assume that federal law controls the determination of whether to enforce the forum selection clause. Thus, the Court does likewise.*

3

clause; instead, the question is the proper interpretation of the phrase, "Federal Court of Western District."

Construing a forum selection clause is a matter of contract interpretation. *K & V Scientific Co.*, 314 F.3d at 497. Where, as here, the parties have expressly agreed that a designated state's law will govern their contract, the Court should interpret the contract according to that state's law. *Yavuz v. 61 MM, Ltd.,* 465 F.3d 418, 431 (10th Cir. 2006). Under the Missouri law selected by these parties, a court must ascertain the parties' intent and meaning from an examination of the contract as a whole. *City of St. Joseph v. Lake Contrary Sewer Dist.*, 251 S.W. 2d 362, 367 (Mo. Ct. App. 2008). "An ambiguity exists when there is more than one reasonable interpretation which can be gleaned from the contract language." *Id.* (citing *Harris v. Union Elec. Co.*, 622 S.W. 2d 239, 247 (Mo. Ct. App. 1981). "A construction that attributes a reasonable meaning to all the provisions of the agreement is preferred to one that leaves some of the provisions without function or sense." *Kehrs Mill Trails Associates v . Kingspointe Homeowner's Ass'n,* 251 S.W. 2d 391, 396 (Mo. Ct. App. 2008). The court should "consider extrinsic evidence to interpret a contract only if it finds that there is ambiguity in the contract." *Abuy Development, L.L.C. v. Yuba Motorsports, Inc.*, 2008 WL 1777412, *5 (E. D. Mo. Apr. 16, 2008) (citations omitted).

The Court finds that the phrase, "Federal Court of Western District," is ambiguous. Had the parties included only the phrase, "federal court," there would be no ambiguity because the clause would readily be interpreted as meaning a lawsuit could be filed in any federal court, as Plaintiff appears to argue. However, the addition of "Western District" suggests that the parties intended to designate a specific federal district court. No other provision of the agreement discusses potential

4

litigation or assists in determining the meaning of the phrase at issue.[3]  Because the forum selection clause is ambiguous, the Court must consider extrinsic evidence to determine its meaning.

The parties agree that the paragraphs of the 2007 Agreement providing that Missouri law will govern and that litigation will be filed in the Federal Court of Western District are identical to the provisions of an earlier agreement executed by the parties and involving a different project. The earlier agreement, executed by Plaintiff and Defendant in December 2006 (the "2006 Agreement"), provided that Plaintiff would serve as subcontractor on a telecommunications project in Muskogee, Oklahoma; Defendant was the prime contractor for that project (the "Muskogee project")[4]. A copy of the 2006 Agreement for the Muskogee project is submitted as Plaintiff's Exhibit 1.  The 2006 Agreement contains the following state law and forum selection provisions:

> 11.  The laws of Missouri shall govern this agreement.
>
> 12.  Any suit or action to interpret or enforce this Agreement or with respect to this Agreement must be filed in the Federal Court of Western District.  If jurisdiction exists, the prevailing party will be reimbursed by the non-prevailing party for all attorney fees, costs and expenses incurred in connection with the suit or action, at trial or on appeal.

2006 Agreement, ¶¶ 11-12, Plaintiff's Exhibit 1.  The parties agree that Plaintiff drafted both the 2006 Agreement and the 2007 Agreement.  In fact, Plaintiff expressly states that, when it drafted the 2007 Agreement, it used the 2006 Agreement as a "template," and paragraphs 11 and 12 of the 2007 Agreement were copied verbatim from the 2006 Agreement.  Affidavit of Alan Scott Jackson

---

[3] *Defendant argues in part that the parties' selection of Missouri law implies that they also intended to litigate in Missouri.  Although the choice of law provision offers some support for Defendant's argument, the inquiry cannot end there because the parties could have contractually agreed to select a governing state law without mandating a particular forum for the litigation of contractual disputes.*

[4] *According to the record before the Court, it appears that the Muskogee project was completed, and no allegations regarding that project are asserted in this lawsuit.  Plaintiff's claims herein are limited to the Louisiana project and the 2007 Agreement.*

("Jackson Aff."), Plaintiff's Ex. 2, ¶ 5, 7. Furthermore, a comparison of two agreements shows that all numerical paragraphs 1 through 12 of the agreements are identical, with the exception of a few references to exhibits attached to the two agreements. *See* 2007 Agreement, Defendant's Ex. 2, ¶¶ 1-12, 2006 Agreement, Plaintiff's Ex. 1, ¶¶ 1-12.

The record reflects that, when the 2007 Agreement was being negotiated by the parties, there were no discussions regarding the state law and forum selection provisions in paragraphs 11 and 12. Defendant argues, however, that those paragraphs were the subject of negotiation regarding the 2006 Agreement. Because paragraphs 11 and 12 appear in both agreements, Defendant argues that the parties' intent with regard to paragraphs 11 and 12 of the 2007 Agreement can be determined by examining their communications regarding the 2006 Agreement. According to Defendant, those communications show that the parties agreed that Missouri law would govern and that disputes would be litigated in Missouri.

In Plaintiff's initial draft of the 2006 Agreement, paragraph 11 provided that the laws of Oklahoma would govern, and paragraph 12 required that litigation regarding the agreement would be filed in "Oklahoma State Court" or the "Federal Court of Western District." Jackson Aff., ¶¶ 3-4. At the request of Defendant, however, paragraph 11 was changed to provide that Missouri law would govern and that litigation would occur in Missouri. *Id.*

Plaintiff initially argues that, because the agreement does not refer to the "Federal Court of Western District of Missouri," its logical interpretation is that suit must be filed in the Western District of Oklahoma because Plaintiff resides here. Plaintiff argues in response that any resulting mistake is the fault of Defendant, and not Plaintiff, because Defendant required the revisions to the forum selection clause; Plaintiff argues that Defendant should be held responsible for any error

6

contained in the final agreement. Plaintiff also argues that the clause should be construed to mean the Western District of Oklahoma because, in exchange for agreeing that Missouri law would govern, Plaintiff wanted any litigation to be filed in federal court in Oklahoma because that forum is most convenient for Plaintiff. Plaintiff's Response Brief, p. 8. Defendant contends that Plaintiff's interpretation is contrary to the intent of the parties as reflected in their negotiations.

As Defendant points out, email communications between Defendant's Vice President Steve Arnold ("Arnold") and Plaintiff's agent Mike Samples ("Samples") reflect that Plaintiff's original draft of the 2006 Agreement provided that Oklahoma law would govern, and litigation regarding the agreement would be filed in the Oklahoma state courts; however, Defendant requested substitution of Missouri as the governing state law and the Missouri court system as the forum for litigation. *See* Exhibit 1 to Defendant's reply brief, email communications of Sept.11, 2006. The record further reflects that Plaintiff agreed to that revision in an email response from Samples. Accompanying Samples' email response to Arnold, was an attached revised draft of the 2006 Agreement which incorporated Arnold's requested revisions regarding the governing law and the forum selection clause. Defendant's reply brief Exhibit 1, Sept. 11, 2006 email from Samples to Arnold. In the attached revised draft of the 2006 Agreement, Samples made the following comments to the paragraph 12 provision regarding the forum for litigation: "First option for any suit or action would not be Federal Court. Request we revert to original wording with the Missouri court systems as first option." On that same day, Arnold responded, stating in pertinent part, "[w]e accept your suggestions on the paragraph detailing jurisdiction." Sept. 11, 2006 email from Arnold to Samples, Exhibit 1 to Defendant's Reply Brief.

Defendant concedes, however, that the final language of the 2006 Agreement, which is

7

repeated in the 2007 Agreement, does not refer to the "Missouri court systems" and that the reference to "Federal Court of Western District" does not identify Missouri. However, Defendant argues that the failure to add "Missouri" is a mistake because the email communications reflecting the parties' negotiations establish that Plaintiff and Defendant agreed to litigate any dispute in Missouri.

Plaintiff's contention that it agreed to allow Missouri law to govern in exchange for requiring litigation in the Western District of Oklahoma is not supported by the evidence before the Court. In fact, it is contrary to the evidence submitted by Plaintiff. In his affidavit, Alan Scott Jackson expressly states that the 2006 Agreement was modified to provide that Missouri law would govern and that the modification also "deleted the reference to 'Oklahoma State Court' concerning where suit must be brought." Jackson Aff., Plaintiff's Ex. 2, at ¶ 3. The affidavit does not state that the parties agreed to substitute Oklahoma federal court. Plaintiff offers no other evidence to support its contention that omission of the Missouri courts was intentional or was the result of the parties' negotiations concerning the terms of the final agreement. There is no evidence suggesting Plaintiff requested that, in exchange for agreeing to apply Missouri law, litigation should be filed in Oklahoma. Furthermore, the evidence in the form of the email communications between Arnold and Samples is to the contrary.

The record before the Court establishes that, when they negotiated the terms of the 2006 Agreement, the parties expressly agreed to omit from the forum selection clause the requirement that suits be filed in Oklahoma courts. Because they did not renegotiate the forum selection clause in the 2007 Agreement, their agreement to omit any requirement that suits be filed in Oklahoma courts was implicitly incorporated in the 2007 Agreement. The evidence does not support

8

Plaintiff's contention that the forum selection clause in the 2006 Agreement or the 2007 Agreement must be interpreted as requiring or authorizing suit in the Western District of Oklahoma. Instead, the evidence reflects the parties' intent to require litigation in Missouri. Although the final 2006 Agreement referred to federal instead of state courts, the evidence supports Defendant's contention that the parties intended litigation to occur in Missouri and that Plaintiff accepted Defendant's request that litigation would occur in Missouri. Because the parties included an identical forum selection clause in the 2007 Agreement at issue in this case, the Court concludes that the forum selection clause in the 2007 Agreement must also be interpreted to require suit in Missouri rather than in Oklahoma. The forum selection language in Paragraph 12 of the 2007 Agreement must be interpreted as requiring litigation in the federal court for the Western District of Missouri. Further, this interpretation makes sense in that it is consistent with the preceding paragraph which selects Missouri law for application to the agreement.

Plaintiff does not that argue that enforcement of the forum selection clause "would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or over-reaching." *See M/S Bremen*, 407 U.S. at 15; *see also Riley*, 969 F.2d at 958 (a court should enforce a forum selection clause unless doing so presents an inconvenience "so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching or lack of notice."). Accordingly, the forum selection clause will be enforced. As a result, venue does not lie in this forum[5].

As Defendant notes, enforcement of the clause does not mandate dismissal of this action.

---

[5]*Having reached this conclusion, the Court need not address the alternative argument that the Court cannot exercise personal jurisdiction over the Defendant or Defendant's request to transfer for the convenience of the parties in accordance with 28 U. S. C. §1404(a). Even if § 1404(a) applied, however, the forum selection clause would be a "significant factor" in deciding whether to transfer for the convenience of the parties.* Stewart Organization, Inc. v. Ricoh Corp., *487 U.S. 22, 29 (1988).*

9

Instead, the case may be transferred to the proper forum in accordance with 28 U. S. C. § 1406(a), which provides that, when venue is incorrect, a district court may dismiss the case or, in the interests of justice, transfer the action to the proper forum. The decision to dismiss or transfer under § 1406(a) "lies within the sound discretion of the district court." *Pierce*, 137 F.3d at 1191.

In this case, the Court concludes that transfer is proper. Because the citizenship of the parties' is diverse, the federal court in the Western District of Missouri has jurisdiction over this litigation. It is not disputed that Defendant's principal place of business is located in the Western District of Missouri. Accordingly, Plaintiff could have filed this action in the Western District of Missouri, where the Defendant resides. *See* 28 U. S. C. § 1391(a)(1). The Court concludes that transferring the case to the Western District of Missouri is preferable to dismissal of this case; transfer will permit the case to proceed without the necessity of filing a new lawsuit and otherwise further delaying the litigation.

Accordingly, Defendant's Motion [Doc. No. 10] is GRANTED to the extent that it seeks transfer of this action to the proper forum as required by the forum selection clause. The Clerk is directed to transfer this action to the United States District Court for the Western District of Missouri.

IT IS SO ORDERED this 15th day of October, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE